883 F.2d 76
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald W. TATE, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 88-4121.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1989.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald Tate appeals from an order granting summary judgment in favor of Consolidated Rail Corp. The United States District Court for the Northern District of Ohio entered the order November 10, 1988, following briefing on the issue. For the reasons stated below, we affirm.
 
 
 2
 On June 2, 1984, Gerald Tate was injured while working for Consolidated Rail Corp. on one of its railway cabooses. At about 4:00 p.m. that day, Tate was descending the steps of a ConRail caboose when his foot was caught and he fell from the train. As a result of this fall, Tate suffered a comminuted and displaced intra-articular fracture of his left arm. Although Tate underwent extensive treatment to restore the arm, including surgery, he continues to experience an 85% loss of movement in his left wrist.
 
 
 3
 Consolidated Rail's Toledo claim office began an investigation of the accident. An inspection of the caboose involved in the incident revealed that it was not defective. Consolidated Rail's office treated Tate's claim under the Federal Employer's Liability Act (FELA), 45 U.S.C. Sec. 51 et seq. During this time Consolidated Rail also made thirteen settlement advances to Tate totaling $9,000.00.
 
 
 4
 Tate requested that his claim be settled in December, 1984. The parties agreed that Tate would receive $220,000.00 in compensation, minus the $9,000.00 already paid, and that Tate would not pursue the claim further and that he would not seek employment with Consolidated Rail at any time in the future. On December 19, 1984, Tate signed a letter of agreement and general release of Consolidated Rail from the FELA claims.
 
 
 5
 On June 2, 1987, Tate filed this complaint in federal district court pursuant to the Federal Employer's Liability Act. He complained of the same injuries which occurred on June 2, 1984, and from which he had released Consolidated Rail on December 19, 1984. Consolidated Rail moved for summary judgment on August 23, 1988. Tate responded by affidavit that before signing the settlement and release, Consolidated Rail's attorneys specifically promised that Tate would receive Railroad Retirement disability benefits and compensation for injury related medical expenses in the future. He filed this lawsuit because Consolidated Rail refused to pay these benefits or expenses.
 
 
 6
 On November 10, 1988, the district court granted summary judgment in favor of Consolidated Rail. The court found that in this circuit summary judgment is only appropriate when no genuine issue of material fact is in dispute, and when the undisputed facts seen in a light most favorable to the non-moving party entitle the moving party to judgment as a matter of law. Smith v. Pan Am World Airways, 706 F.2d 771, 773 (6th Cir.1983). The court also found that federal law controls the issue of the validity of the release because the source of the rights claimed is a federal statute. Maynard v. Durham & Southern Ry. Co., 365 U.S. 160 (1961). The court noted that the Federal Employers Liability Act, the federal statute involved here, was intended to give Railway workers a right to recover fair compensation for injuries negligently caused by their employers. Dice v. Akron, Canton & Youngstown R. Co., 342 U.S. 359, 362 (1952). Where a settlement contract and release are signed, however, the persons challenging them must sustain the burden of establishing invalidity by fraud or mutual mistake. Callen v. Pennsylvania R. Co., 332 U.S. 625, 630 (1948). A settlement with an injured employee made justly and in good faith bars subsequent action under the Federal Employers Liability Act for the same incident and injury. Id. at 630-31.
 
 
 7
 The district court correctly concluded that there was no evidence of material misrepresentation in this case which would have caused Tate to sign the release. Indeed, nor is there one shred of evidence of mutual mistake. The district court found that the intent of the parties was to compromise the case fully and permanently. The parties did not agree to payment of future medical expenses or retirement funds. There is no disputed issue of material fact. Certainly in light of the amount paid, the settlement is found to be fair. The judgment of the district court is affirmed.